UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : : : | No. 20-437 |
| MANILAL MATHAI | : | |

### MEMORANDUM

PRATTER, J.  MAY 18, 2023

Mr. Mathai requests that the Court temporarily modify the conditions of his probation to permit him to travel overseas. The Government opposes Mr. Mathai's motion. For the reasons that follow, the Court denies Mr. Mathai's request.

#### BACKGROUND AND PROCEDURAL HISTORY

Mr. Mathai was the owner of a business that provided home health care services. For tax years 2012 through 2015, Mr. Mathai claimed over $1.5 million of false and fraudulently inflated business expenses. Because his business was organized as a Subchapter S Corporation, the company's income and losses flowed through to Mr. Mathai's individual income taxes, allowing him to reduce his personal tax liability by almost $350,000. Mr. Mathai also used business income for personal expenses, avoiding roughly $100,000 in additional taxes.

In December 2020, Mr. Mathai was charged with three counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1). In September 2021, Mr. Mathai pled guilty to those charges and wrote a check for the full amount of unpaid taxes. At sentencing, Mr. Mathai faced a guidelines range of 18 to 24 months' incarceration and was sentenced to three years' probation on each count to run concurrently, with the first six months to be served in a halfway house. Among the other conditions of probation, the Court ordered that Mr. Mathai not leave the Eastern District

of Pennsylvania unless this Court or his probation officer approves his travel.

On April 14, 2023, Mr. Mathai filed the instant motion to modify the terms of his probation to permit him to travel with his church to Greece and Turkey in October and November 2023.[1] The Government filed its opposition on May 1, 2023.

## DISCUSSION

District Courts have significant discretion to "modify, reduce, or enlarge the conditions of a [defendant's] probation." 18 U.S.C. § 3563(c); *United States v. Floyd*, 491 F. App'x 331, 332–33 (3d Cir. 2012). Any modification must be made "pursuant to . . . the provisions applicable to the initial setting of the conditions of probation." *Id.* at 333 n.3. Those provisions include "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3562(a). Section 3553(a) requires the Court to consider, *inter alia*, the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). The relevant § 3553(a) factors weigh in favor of denying Mr. Mathai's motion.

First, Mr. Mathai's offense was serious: He claimed over $1.5 million in false or inflated business expenses, several of which were conjured out of thin air. He then used those expenses, along with business income, to avoid over $450,000 in personal tax liability.

Second, given the seriousness of Mr. Mathai's offense, it is essential that his sentence promote respect for the law and provide just punishment. This is especially so in the context of tax crimes, where appropriate punishment furthers general deterrence and respect for the tax laws. *See, e.g., United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006); *United States v. Mueffelman*, 470 F.3d 33, 40 (1st Cir. 2006). To permit Mr. Mathai to modify his probation to

---

[1] Mr. Mathai describes this travel as a "religious pilgrimage" organized by his church. Doc. No. 26 at 3. The Government pushes back on this characterization, describing the trip as a "tour" with "first class Hotels and accommodations." Doc. No. 28 at 5; Doc. No. 26 Ex. B. The exact nature of Mr. Mathai's proposed trip, however, does not bear on the Court's decision.

travel overseas would suggest that his probation is not really a serious response to his crimes demanding a curtailment of his liberties.

Mr. Mathai does not dispute that the § 3553(a) factors warrant the current terms of his probation, including the requirement that he not leave the Eastern District of Pennsylvania. Instead, Mr. Mathai urges the Court to consider his compliance to date with all the other terms of his probation. But Mr. Mathai is *required* to comply with all the terms of his probation. The fact that he has done so thus far is not a basis on which to modify or reduce those terms now.

### CONCLUSION

For the foregoing reasons, the Court denies Mr. Mathai's motion to modify the terms of his probation. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
United States District Judge

3